SWIFT & COMPANY *vs.* AMOS P. LITTLE, *et als.*

JANUARY 11, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Foreign Corporations.  Resident Attorney.  Enforcing Contract Made in this State.*

The appointment by a foreign corporation of a resident attorney upon whom process may be served subsequent to the making of a contract within this

State, but prior to the commencement of an action for a breach of such contract, is a compliance with the statute at such a time that the corporation can maintain such action.

CERTIFIED to Supreme Court by Superior Court, on question of law.    On hearing on demurrer to plea in abatement.

DOUGLAS, C. J.    This case depends upon the construction of section 36 of chapter 253 of the General Laws, as amended by chapter 980 of the Public Laws, which reads as follows:

"SEC. 36.    No corporation, unless incorporated by the general assembly of this state, or under general law of this state, excepting national banking-associations or other corporations existing under the laws or by the authority of the United States, shall carry on within this state the business for which it was incorporated, *or enforce in the courts of this state any contract made within this state,* unless it shall have complied with the following sections of this chapter."

The words in italics were added by chapter 980.

The "following sections" of chapter 253 direct that a foreign corporation shall appoint and continue an attorney in this State to receive service of process, and impose a penalty upon any person who acts as agent in this State of any such corporation unless such corporation shall have appointed an attorney to receive service of process.

The difficulty in construction is caused by the fact that the statute contains two prohibitions and the condition affecting them is only once expressed.

This section fully expressed would read, according to the established structure of the English language, as follows: "No corporation except," etc., "shall carry on within this state the business for which it was incorporated unless it shall have complied with the following sections of this chapter; or shall enforce in the courts of this state any contract made within this state unless it shall have complied with the following sections of this chapter."

The defendant contends that the second clause should be construed to mean the same as if it read, "or shall enforce in the courts of this state any contract made within this state

unless it shall have complied with the following sections of this chapter *before making the contract.*"

This is not a natural construction of the section. There are two prohibitions to which the condition is the same. In each case it is the appointment of an attorney. If a foreign corporation wishes to carry on business in this State it must first appoint an attorney. If it desires to sue upon or set up in defence a contract made in this State it must first appoint an attorney. Compliance with the condition must precede the act.

The last clause of the section does not prohibit a corporation setting up a contract in our courts unless the corporation has complied with the first clause of the section, but unless it has appointed an attorney as provided in the *following* sections.

The argument for the defendant's construction is as follows: There can be no question that in relation to carrying on business the words "unless it shall have complied" refer to time prior to such carrying on of business, and therefore in relation to enforcing a contract in our courts they must refer, not to the time when the contract is sought to be enforced, but to the time when the business was carried on or the contract was made. That the words in question refer jointly and not separately to both prohibitions. The plain answer to this is that the statute does not state the two prohibitions conjunctively but disjunctively. Grammatically they do not stand together, but apart, being separated by the word "or."

The statute is a penal one, or at least imposes a disability, and the court can not distort its language for the purpose of aggravating the penalty.

The confusion of thought in the defendant's argument arises partly from the assumption that the *carrying on business* referred to in the first clause of the section is identical with *making a contract* referred to in the second.

This becomes clear when we consider the difference in the things treated of in the two clauses of the section. Carrying on the business for which a corporation is incorporated is not

the same thing as making a contract within this State. Still less is setting up a contract in court doing business in the sense of this statute.

Carrying on business doubtless generally involves making contracts, though a cash business may not involve executory contracts which need enforcement.  So, many contracts may be imagined which may be made in this State and which may inure to the benefit of a foreign corporation which never in any proper sense has done, within the State, the business for which it is incorporated.

For instance, the Pennsylvania Railroad Company hired and maintained an office in Providence for the purpose of inducing shippers to send freight over its lines. It makes no contracts with them directly, and takes their goods outside the limits of this State to transport further. We held in *Pennsylvania R. R. Co. v. Berger*, 27 R. I. 583, that the maintenance of this office was not the carrying on within this State of the business for which this railroad company was incorporated, which is transporting passengers and freight.

When a shipper receives a bill of lading from the N. Y., N. H. & H. R. R. Co. for goods to be transported beyond New York, he finds upon it a notice that in issuing this bill for points beyond its own line it acts only as agent for the companies with which it connects, and assumes no responsibility as a carrier beyond its own line. We should doubtless hold that such a connecting line, by taking the goods and assuming the responsibility of carrying them further, was not thus doing business within this State in any fair construction of our statute.

Yet, under the defendant's construction of the law, if such foreign company were sued upon one of these bills of lading in our courts, as it might be by attachment of its cars found within our jurisdiction, it could not comply with the provisions of the following sections of chapter 980 by appointing an attorney to receive service of process, and then enforce in its defence the conditions of the contract.

Again, a State bank or trust company in Boston which had never done business of any kind in Rhode Island might purchase from a broker in Boston a note or bond made and paya-

ble in Rhode Island, secured by a mortgage of real estate situated in Rhode Island, and upon default, if it should desire to sue in our courts and should then appoint an attorney to receive process here, it could not be permitted to do so because, before the contract was originally made, it had not appointed its attorney.

Again, a foreign railroad company might make contracts for locomotives to be built and delivered to a carrier in Rhode Island. This would not be carrying on within this State the business for which it was incorporated, but it could not enforce such contracts, on the defendant's construction, unless, before making them, it should appoint an attorney under the provisions of this statute.

Again, take the case of a foreign manufacturing corporation which, intending to establish itself in Rhode Island, purchases a piece of land and makes contracts with Rhode Island contractors to build a mill but does not appoint an attorney to accept service of process until the mill is completed and it is ready to begin its business of manufacturing. If disputes should arise in the progress of the work, or, if the vendor should refuse to deliver possession of the land, no redress could be had on these contracts in our courts, on the defendant's reading of the statute, because, before the contracts had been severally made, no attorney had been appointed.

In short, the imposition upon the statute of the words which are not there would lead to the grossest absurdities.

A further argument for the defendant, still involving, to some extent, the same erroneous identification of "carrying on business" with "making a contract," is founded upon the supposed intention of the General Assembly to punish a foreign corporation, which violates the first prohibition of the section, by imposing upon it an inability to sue in our courts. It is said the former law punished the agent of the corporation which did business here with a fine; the amendment must have intended to punish the corporation by forbidding it to reap the advantage of the business which its agent has unlawfully done.

If this had been the object of the amendment it might

have been effected by adding to the original section the words, "and no such corporation shall be permitted to enforce in the courts of this state any contract or claim involved in or growing out of business so done."

It may be doubted whether, if the bill for the amendment had been thus expressed, the General Assembly would have passed it. At any rate it is plain that only a very lively imagination can see such a meaning in the words they adopted.

But we can not presume that the chief object of the amendment was to punish the offending corporation. In *Garratt Ford Co.* v. *Vermont Mfg. Co.*, 20 R. I. 187, 189, this court held that the object of the statute, before the amendment, was "not to invalidate contracts but to require foreign corporations to appoint an attorney in this State upon whom service of process may be made." It may be presumed that this is still the object of the act as amended; but if construed as urged by the defendant, it removes forever any motive to appoint an attorney if once the law has been transgressed. As the law reads it furnishes an additional reason for obeying it, and works no irreparable injury or injustice to a corporation which may have inadvertently transgressed.

The answer to the question certified to us must be that:

The appointment by a foreign corporation of a resident attorney upon whom process may be served subsequent to the making of a contract within this State, but prior to the commencement of an action for a breach of such contract, is a compliance with the statute at such a time that the corporation can maintain such action—and it will be so certified.

*Edward D. Bassett, Michael W. Callaghan, and William J. Brown,* for plaintiff.

*Edwards and Angell and Barney and Lee,* for defendant.